## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| JEFFREY BROWN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 3:26-cv-527 |
| | § | |
| QUINLAN INDEPENDENT SCHOOL | § | |
| DISTRICT, | § | |
| | § | |
| Defendant. | § | |

---

### PLAINTIFF'S ORIGINAL COMPLAINT

---

Plaintiff Jeffrey Brown ("Brown") brings this Fair Labor Standards Act ("FLSA") suit against the above-named Defendant under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, as amended. For cause of action, he respectfully shows as follows:

### I. NATURE OF SUIT

1. The FLSA was passed by Congress in 1938 to eliminate low wages and long hours and to correct conditions that were detrimental to the health and well-being of workers. *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706 (1945). To achieve its humanitarian goals, the FLSA "limits to 40 a week the number of hours that an employer may employ any of his employees subject to the Act, unless the employee receives compensation for his employment in excess of 40 hours at a rate not less than one and one-half times the regular rate at which he is employed." *Walling v. Helmerich & Payne,* 323 U.S. 37, 40 (1944) (discussing the requirements of 29 U.S.C. § 207(a)).

2. Defendant has violated the FLSA by failing to pay Brown, a non-exempt mechanic and bus driver, in accordance with the FLSA's guarantees and protections. Defendant has failed and refused to

pay Brown at time-and-one-half his regular rate of pay for all hours worked in excess of forty hours within a workweek, despite Defendant's full knowledge that Brown was non-exempt and consistently worked over forty hours per workweek.

## II. PARTIES

3. Plaintiff Jeffrey Brown is a Texas resident who currently resides in Hunt County, Texas.

4. Quinlan Independent School District ("Quinlan ISD") is a political subdivision of the State of Texas and a duly incorporated school district located in Quinlan, Texas.

5. Quinlan ISD may be served with process by serving its Superintendent, Jeffrey Irvin, at 401 E. Richmond, Quinlan, Texas 75474.

6. At all times relevant to this claim, Quinlan ISD was an employer of Brown as defined by 29 U.S.C. §203(d).

## III. JURISDICTION AND VENUE

7. This Court has subject-matter jurisdiction over this matter because Brown asserts claims arising under federal law. Specifically, Brown asserts claims arising under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq*. This Court, therefore, has jurisdiction pursuant to 28 U.S.C. § 1331. This Court also has personal jurisdiction over all parties to this action.

8. Venue is proper in this district and division as all or a substantial part of the events forming the basis of this suit occurred in and around Hunt County, Texas, which is in this District and Division.

9. Brown was an employee of Defendant and performed work for Defendant in and around Hunt County, Texas. Defendant is subject to this Court's personal jurisdiction with respect to this civil action. Defendant thus resides in this district and division. 28 U.S.C. §1391(c). Venue in this Court is therefore proper under 28 U.S.C. § 1391(b).

## IV. COVERAGE UNDER THE FLSA

10. At all relevant times, Defendant Quinlan ISD has been an "employer" of Brown within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

11. At all relevant times, Defendant Quinlan ISD has been engaged in an "enterprise" within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

12. At all relevant times, Quinlan ISD was a public agency as defined by the FLSA. 29 U.S.C. § 203(x).

13. At all relevant times, Defendant Quinlan ISD was operating as an "enterprise engaged in commerce or in the production of goods for commerce" because it was engaged in an "activity of a public agency"--namely, operating the public schools of Quinlan ISD. 29 U.S.C. § 203(s)(1)(C).

14. At all times hereinafter mentioned, Brown was an individual "employee" (as defined in Section 3(e)(1) of the FLSA, 29 U.S.C. § 203(e)(1)) who was engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §207 and whom Defendant at all relevant times "employ[ed]" within the meaning of Section 3(g) of the FLSA, 29 U.S.C. § 203(g).

15. As an employee of Defendant, Brown handled vehicles such as school buses as well as items such as cell phones, computers, and hand tools in addition to other items that have been moved in or produced for commerce as defined by 29 U.S.C. §203(b).

## V. FACTUAL ALLEGATIONS

16. Defendant is a school district located in Quinlan, Texas.

17. Defendant employed Brown as an hourly mechanic and bus driver.

18. Brown was paid on an hourly basis.

19. Brown was not paid any additional compensation for working more than forty hours in a workweek.

20. Brown did not perform any of the duties associated with any of the exemptions under the FLSA.

21. As such, Defendant was required to pay Brown overtime premiums for all hours worked in excess of 40 per week.

22. Brown routinely worked long hours and consistently worked more than forty hours per week.

23. At no time did Defendant pay Brown overtime compensation for any hours worked over forty per week.

24. Defendant was fully aware of its obligations to pay overtime compensation to non-exempt employees such as Brown.

25. Defendant purposefully ignored its obligations to pay overtime compensation to non-exempt employees such as Brown.

26. Defendant has knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice of failing to pay overtime compensation to Brown for his overtime hours.

## VI. CAUSE OF ACTION:

### FAILURE TO PAY WAGES IN
### ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT

27. Brown incorporates all allegations contained in the foregoing paragraphs as though fully set forth herein.

28. During the relevant period, Defendant has violated Section 7 of the FLSA, 29 U.S.C. §§ 207 and 215(a)(2) by employing employees, including Brown, in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA as stated herein above, for workweeks longer than 40 hours, without compensating such employees, including Brown, for work in excess of 40 hours per week at rates no less than one-and-one-half times the regular rate for which such employees, including Brown, were employed.

29. Defendant has acted willfully in failing to pay their non-exempt employees, including Brown, in accordance with applicable law.

## VII. PRAYER FOR RELIEF

WHEREFORE, cause having been shown, upon final hearing of this cause, Plaintiff Jeffrey Brown prays for judgment against Defendant Quinlan Independent School District, as follows:

a.      For an Order pursuant to Section 16(b) of the FLSA, 29 U.S.C. §216(b), finding Defendant liable for unpaid back wages due to Brown and for liquidated damages equal in amount to the unpaid compensation found due to Brown;

b.      For an Order awarding Brown reasonable attorney's fees, costs, and expenses of this action, including expert witness costs, as provided by the FLSA;

c.      For an Order awarding Brown pre-judgment and post-judgment interest at the highest rates allowed by law;

d.      For an Order awarding Brown declaratory and injunctive relief as necessary to prevent Defendant's further violations, and to effectuate the purposes of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq*., and

e.      For an Order granting such other and further relief, at law or in equity, as may be necessary and/or appropriate.

Respectfully Submitted,

**WELMAKER LAW, PLLC**
505 E. Magrill St.
Longview, Texas 75601
Tel: (512) 499-2048

By: */s/ Douglas B. Welmaker*
       Douglas B. Welmaker
       Texas State Bar No. 00788641
       doug@welmakerlaw.com

**ATTORNEY FOR PLAINTIFF**